ORIGINAL

SEALED

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2019 AUG -7 PM 3:44
DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:19-CR-121-N |
| v. | **FILED UNDER SEAL** |
| LONG VO<br>    a/k/a JASON VO<br>    a/k/a TYLER DURDEN<br>CHRISTOPHER WIESE<br>CAITLYN WIESE<br>    a/k/a "SOPHIE"<br>KARA LAMPKIN<br>    a/k/a "BARBIE"<br>    a/k/a KARA RODRIGUEZ | (Supersedes Indictment returned on March 6, 2019) |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### Count One
### Conspiracy to Engage in a Racketeering Enterprise
### (Violation of 18 U.S.C. § 371 (18 U.S.C. § 1952(a)(3)))

### Introduction and Background

At times material to this Indictment:

1.  Defendant **Long Vo** owned and operated Relax2013, in the Dallas Division of the Northern District of Texas. Relax2013 purported to be a studio for "body rubs," but it was actually an establishment providing commercial sex to customers.

2.  Relax2013 was located at 1499 Regal Row, Suite 400, in Dallas, Texas.

3.  Defendant **Long Vo** utilized nominees and entities such as "Regal Consulting," "Right Rides," and "R&R Consulting" to conceal the proceeds from Relax2013's commercial sex enterprise.

Superseding Indictment—Page 1

4. Defendant **Long Vo** made and caused others to make over $1,000,000 in cash deposits from Relax2013's commercial sex enterprise.

5. Defendants **Christopher Wiese**, **Caitlyn Wiese** a/k/a Sophie, and **Kara Lampkin** a/k/a Barbie a/k/a Kara Rodriguez, operated and managed the day-to-day functions of Relax2013. This included recruiting commercial sex workers, taking photographs of commercial sex workers, vetting commercial sex workers, vetting clients, scheduling appointments, collecting money, making cash deposits, and monitoring online reviews.

## Conspiracy

6. Beginning no later than December of 2014, and continuing to on or about March 6, 2019, in the Dallas Division of the Northern District of Texas (NDTX) and elsewhere, the defendants, **Long Vo**, **Christopher Wiese**, **Caitlyn Wiese**, and **Kara Lampkin**, did knowingly and willfully conspire and agree together, and with other persons known and unknown to the Grand Jury, to commit the following offense against the United States: to use and cause to be used facilities in interstate commerce, namely cellular telephones, the internet, and federally-insured banks, among others, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, that is, a business enterprise involving prostitution offenses in violation of the laws of the State of Texas, and did thereafter perform and attempt to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of such unlawful activity, in violation of 18 U.S.C. § 1952(a)(3).

## Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

7. It was part of the conspiracy that defendants **Long Vo, Christopher Wiese, Caitlyn Wiese**, and **Kara Lampkin** posted and caused to be posted online advertisements to recruit commercial sex workers.

8. It was further part of the conspiracy that defendants **Long Vo, Christopher Wiese, Caitlyn Wiese**, and **Kara Lampkin** lured commercial sex workers to Relax2013 by claiming high cash payouts from customers.

9. It was further part of the conspiracy that defendants **Long Vo** and **Christopher Wiese** met with commercial sex workers to explain that they (the commercial sex workers) would be expected to engage in a commercial sex acts with Relax2013's customers.

10. It was further part of the conspiracy that defendant **Long Vo**, when deciding whether to hire a commercial sex worker at Relax2013, would, at times, direct the commercial sex worker to perform a sex act on defendant **Long Vo**.

11. It was further part of the conspiracy that defendants **Long Vo, Christopher Wiese, Caitlyn Wiese**, and **Kara Lampkin** charged the commercial sex workers a "house fee" for use of the rooms at Relax2013. This "house fee" generally amounted to $100 for an hour, and the commercial sex worker got to keep the extra amount above the "house fee" that was negotiated in exchange for the commercial sex act.

12. It was further part of the conspiracy that defendants **Long Vo, Christopher Wiese, Caitlyn Wiese,** and **Kara Lampkin** scheduled appointments for customers, who had to be vetted through various online platforms. Defendant **Long Vo** required that customers be vetted through online platforms to avoid detection from law enforcement.

13. It was further part of the conspiracy that defendants **Long Vo, Christopher Wiese, Caitlyn Wiese,** and **Kara Lampkin** caused to be made and made cash deposits at various financial institutions that are engaged in, and have activities affecting, interstate and foreign commerce.

## Overt Acts

In furtherance of the conspiracy and to effect its objects, defendants **Long Vo, Christopher Wiese, Caitlyn Wiese,** and **Kara Lampkin** committed the following overt acts, among others, in the NDTX, and elsewhere:

14. On or about April 7, 2017, defendant **Kara Lampkin** emailed defendant **Christopher Wiese** a photograph of Relax2013's computer.

15. On or about May 11, 2017, defendant **Long Vo** asked a Relax2013 applicant: "Are you comfortable being nude and giving sensual bodyrubs using your hands and mouth for releases?"

16. On or about July 25, 2017, defendant **Long Vo** negotiated with a Relax2013 applicant that he would pay her "5k a month" and get to perform a sex act with her.

17. In September of 2017, defendant **Christopher Wiese** met with a commercial sex worker to explain that she would be expected to perform commercial sex with clients.

18. On or about August 22, 2017, defendant **Caitlyn Wiese**, in reference to a

Superseding Indictment—Page 4

Relax2013 applicant, sent an email to defendant **Long Vo** stating: "She was immediately interested, I explained everything with her including hands and mouth :)"

19.     In December of 2017, defendants **Christopher Wiese** and **Long Vo** required all of the commercial sex workers at Relax2013 to sign a "Contractor Punctuality & Sanitary Agreement," which implemented fines to the commercial sex workers for failing to properly clean and restock the rooms, missing appointments, and arriving late for appointments.

20.     From December of 2014, through on or about March 6, 2019, defendants **Long Vo, Christopher Wiese, Caitlyn Wiese, Kara Lampkin**, and others posted and caused to be posted online advertisements on the internet—an instrumentality used in interstate commerce—to recruit commercial sex workers to Relax2013.

21.     From December of 2014, through on or about March 6, 2019, defendants **Long Vo, Christopher Wiese, Caitlyn Wiese, Kara Lampkin**, and others scheduled appointments and caused appointments to be scheduled with clients seeking commercial sex.

22.     From December 2014, through March of 2018, defendants **Long Vo, Christopher Wiese, Caitlyn Wiese, Kara Lampkin**, and others made and caused to be made cash deposits at federally insured banks engaged in and having activities affecting interstate and foreign commerce.

23.     On or about January 13, 2018, defendant **Long Vo** caused an advertisement to be posted online to recruit commercial sex workers. The post read: "We are a private company seeking intellectual, bright, and attractive ladies to be part of our exciting

Superseding Indictment—Page 5

private body rub team! Application process: 1) Reply to the ad with at least 2 pictures; including 1 clear head shot, and 1 "everyday" full body shot a contact number and your age."

All in violation of 18 U.S.C. § 371.

Count Two
Use of a Facility of Interstate Commerce in Aid of a Racketeering Enterprise;
Aiding and Abetting
(Violation of 18 U.S.C. §§ 1952(a)(3) and (2))

1.  The allegations contained in paragraphs one through five, and seven through twenty-three, of Count One are reincorporated and re-alleged in this Count Two.

2.  Beginning no later than December of 2014, and continuing to February of 2018, the exact dates being unknown to the Grand Jury, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants, **Long Vo**, **Christopher Wiese**, **Caitlyn Wiese**, and **Kara Lampkin**, as principals and aiders and abettors, along with other persons known and unknown to the Grand Jury, did knowingly and willfully use and cause to be used facilities of interstate commerce, namely cellular telephones, the internet, and federally-insured banks, among others, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, that is a business enterprise involving prostitution in violation of Texas Penal Code Sec. 43.04, and did thereafter perform and attempt to perform an act to promote, manage, establish and carry on, and facilitate the promotion, management, establishment and carrying on, of such unlawful activity.

In violation of 18 U.S.C. §§ 1952(a)(3) and (2).

## Count Three
### Conspiracy to Launder Monetary Instruments
(Violation of 18 U.S.C. § 1956(h))

1. The allegations contained in paragraphs one through five, and seven through twenty-three, of Count One are reincorporated and re-alleged in this Count Three.

2. Beginning no later than December of 2014, and continuing through February of 2018, the exact dates being unknown to the Grand Jury, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants, **Long Vo**, **Christopher Wiese**, **Caitlyn Wiese**, and **Kara Lampkin** did knowingly and willfully combine, conspire, and agree together and with other persons known and unknown to the Grand Jury to commit an offense against the United States in violation of 18 U.S.C. § 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is, use of a facility of interstate commerce in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952(a)(3), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

### MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

Superseding Indictment—Page 8

3. It was part of the conspiracy that members of the conspiracy directed the customers of Relax2013 to pay for the commercial sex services in cash. This was done, in part, to conceal the proceeds of the unlawful activity.

4. It was further part of the conspiracy that defendant **Long Vo** used a business bank account for "Right Rides" and various personal accounts to receive cash deposits that were proceeds of a violation of 18 U.S.C. § 1952(a)(3).

5. It was further part of the conspiracy that members of the conspiracy deposited proceeds from a violation 18 U.S.C. § 1952(a)(3) into bank accounts under the control of defendant **Long Vo** and other members of the conspiracy.

6. It was further part of the conspiracy that members of the conspiracy structured their cash deposits that were proceeds of a violation of 18 U.S.C. § 1952(a)(3), in order to avoid bank disclosure obligations and filings.

7. It was further part of the conspiracy that defendants **Long Vo, Christopher Wiese**, and others created and used the entity "Gold Leaf Academy" to comingle the proceeds from a violation of 18 U.S.C. § 1952(a)(3).

8. It was further part of the conspiracy that defendants **Long Vo** and **Kara Lampkin** used the entity "Vo Cleaning Services" to conceal proceeds from the unlawful activity.

All in violation of 18 U.S.C. § 1956(h).

## Counts Four and Five
### Engaging in Monetary Transaction in Illegally Derived Property
(Violation of 18 U.S.C. § 1957(a))

1. The allegations contained in paragraphs one through five, and seven through twenty-three, of Count One are reincorporated and re-alleged in these Counts Four and Five.

2. On or about the dates set forth below in the Northern District of Texas and elsewhere, the defendant, **Long Vo**, did knowingly and willfully engage and attempt to engage in a monetary transaction by through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, as described below, such property having been derived from a specified unlawful activity, that is, a violation of 18 U.S.C. § 1952(a)(3).

| Count | Date (on or about) | Transaction |
| --- | --- | --- |
| Four | February 22, 2016 | The purchase of a cashier's check for $10,000.57, from "Right Rides" made payable to the US Department of Education related to an education loan for defendant Long Vo |
| Five | June 29, 2017 | The purchase of a cashier's check for $51,000 from Long Vo to T.H. related to the purchase of a Tesla car. |

All in violation of 18 U.S.C. § 1957(a).

A TRUE BILL:

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
RYAN R. RAYBOULD
Kansas Bar No. 25429
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214.659.8713
Fax: 214.659.8809

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

LONG VO
CHRISTOPHER WIESE
CAITLYN WIESE
KARA LAMPKIN

SUPERSEDING INDICTMENT

18 U.S.C. § 371 (18 U.S.C. § 1952(a)(3))
Conspiracy to Engage in a Racketeering Enterprise
(Count 1)

18 U.S.C. §§ 1952(a)(3) and (2)
Use of a Facility of Interstate Commerce in Aid of a Racketeering Enterprise;
Aiding and Abetting
(Count 2)

18 U.S.C. § 1956(h)
Conspiracy to Launder Monetary Instruments
(Count 3)

18 U.S.C. § 1957(a)
Engaging in Monetary Transaction in Illegally Derived Property
(Counts 4-5)

5 Counts

A true bill rendered

DALLAS                                                              FOREPERSON

Filed in open court this __1__ day of August, 2019.

---

**Warrant to be Issued – KARA LAMPKIN**
**Summons to Issue – LONG VO, CHRISTOPHER WIESE, AND CAITLYN WIESE**

UNITED STATES MAGISTRATE JUDGE
Criminal Case Pending: 3:19-CR-121-N

Page 7 of 7